**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO GARCIA RAMOS, | Case No.:  3:26-cv-02587-RBM-BJW |
| Petitioner, | |
| v. | **ORDER DENYING PETITION WITHOUT PREJUDICE** |
| TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, et al., | **[Doc. 1]** |
| Respondents. | |

Pending before the Court is Petitioner Gerardo Garcia Ramos's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

## I.   BACKGROUND

On March 30, 2026, the Court denied a different petition for a writ of habeas corpus brought by Petitioner.  *See Ramos v. Mullin*, Case No.: 3:26-cv-01652-RBM-BJW, 2026 WL 898304 (S.D. Cal. Mar. 30, 2026).  The Court restates the factual background here:

> The Parties agree that Petitioner, a citizen of Mexico, has been in custody under 8 U.S.C. § 1226 since March 2025.  Based on the Department of Homeland Security's ("DHS") determination that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(6)(A), Petitioner was placed in full removal proceedings under 8 U.S.C. § 1229a.

1

On July 15, 2025, Petitioner requested a bond redetermination before an immigration judge.  On August 1, 2025, the immigration judge held that hearing.  The immigration judge found that (1) they had jurisdiction to conduct a bond hearing; (2) Petitioner had not met his burden to show that he did not pose a danger to the community considering his "numerous arrests and self-admitted convictions for driving under the influence and driving without a license;" and (3) Petitioner "presented a flight risk based on his failure to appear at his last hearing."  On September 16, 2025, the immigration judge issued a bond memorandum in light of the intervening Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, indicating that they would now find that they "lack[ ] jurisdiction to redetermine [Petitioner's] custody."

On August 31, 2025, Petitioner filed an appeal of the immigration judge's bond determination.  On March 11, 2026, Petitioner filed a bond redetermination request, which remains pending.

*Id.* at *1 (citations omitted).

Respondents provide new information that neither Party provided to the Court when it ruled on Petitioner's previous petition.  Respondents represent that "[o]n February 5, 2026, the BIA issued a briefing schedule giving Petitioner a deadline [to] file the appellate brief no later than February 26, 2026."  (Doc. 6 at 3 (citing Doc. 6-5 at 2–4).)  "However, [ ] Petitioner failed to file an appellate brief."  (*Id.* (citing Doc. 6-6 at 2).)

Petitioner filed the Petition on April 23, 2026.  (Doc. 1.)  The next day, the Honorable Janis L. Sammartino set a briefing schedule.  (Doc. 2.)  This action was transferred to this Court on April 30, 2026.  (Doc. 5.)  Respondents filed their Return to Habeas Petition ("Response") on May 1, 2026.  (Doc. 6.)  Petitioner filed his Traverse to Respondents' Return to Petition for Writ of Habeas Corpus ("Reply") on May 4, 2026.  (Doc. 7.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may

3:26-cv-02587-RBM-BJW

be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.  DISCUSSION

Although the Petition's requested relief is unclear,[1] the Court construes it to bring an as-applied challenge to the length of Petitioner's detention under § 1226. Petitioner argues that his detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause because "custody has become effectively indefinite due to unresolved bond proceedings, a pending bond appeal, and the agency's failure to prosecute removal proceedings with reasonable diligence." (Doc. 1 at 2, 5; Doc. 7 at 3–6.) Petitioner also argues that his August 1, 2025 bond hearing violated due process because "the Government did not bear the burden to justify continued detention by clear and convincing evidence," "the adjudicator relied on conclusory assertions rather than individualized evidence," and "the decision failed to make individualized findings and consider alternatives to detention." (Doc. 1 at 6.) Respondents argue that (1) Petitioner should not be excused from administrative exhaustion given his previous bond hearing and (2) Petitioner's detention has not been unconstitutionally prolonged.[2]

---

[1] (*Compare* Doc. 1 at 2 ("This Petition does not seek review of an Immigration Judge's discretionary bond determination, does not request a new bond hearing . . . .") *with id.*, Prayer for Relief ("Petitioner requests an order directing a new bond hearing within seven (7) days . . . .").)

[2] Respondents also argue that Petitioner's claims are jurisdictionally barred by 8 U.S.C. § 1252(g) and § 1252(b)(9). (Doc. 6 at 7–9.) "The Court has consistently rejected Respondents' jurisdictional arguments in similar circumstances," and does so again here for the same reasons. *Ramos*, 2026 WL 898304, at *2 (citations omitted); *see also Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (holding that the court has jurisdiction where a petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order") (emphasis in original).

In its previous Order, the Court did not reach Respondents' exhaustion arguments because "even assuming that Petitioner did not need to exhaust his administrative remedies, he still c[ould not] succeed on the merits of his claim." *Ramos*, 2026 WL 898304, at *2. The Court now declines to waive the exhaustion requirement for Petitioner under the circumstances of this action.

Habeas claims are accompanied by a prudential exhaustion requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). The Court may require exhaustion where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'" *Hernandez*, 872 F.3d at 988 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). But a district court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).

The Court finds it appropriate to require exhaustion here and that Petitioner has failed to convincingly raise any grounds for waiving it. The BIA is "empowered to review the IJ's determination and there is no evidence that the appeal would not proceed in a timely manner. As Petitioner's release on bond was denied based on a finding that he was a [danger and flight risk], there is also nothing in the record showing that Petitioner's appeal of the [immigration judge's] bond denial is necessarily futile." *Jemna v. Warden*, Case

3:26-cv-02587-RBM-BJW

No.: 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *3 (S.D. Cal. Mar. 20, 2026). *Cf. Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080 (S.D. Cal. 2025) (finding that "exhaustion would be futile because the Board of Immigration Appeals is obligated to apply [ ] binding precedent . . . to find that detention is mandatory").

Petitioner argues that "requiring further exhaustion would [ ] be futile and would prolong the continuing injury" because he has already "pursued custody review through repeated filings." (Doc. 1 at 3–4.)  But Petitioner had timely appealed the immigration judge's bond decision to the BIA and was given until February 26, 2026 to submit a brief. (Doc. 6-5 at 2.)  Petitioner's own failure to submit a brief (Doc. 6 at 3 (citing Doc. 6-6 at 2)) cannot form the basis of a futility argument. *Accord Bernadino v. Warden*, 2026 WL 1146776, at *2 (S.D. Cal. Apr. 28, 2026) ("Although [the petitioner] expressly reserved his right to appeal the immigration judge's denial of bond, he did not file an appeal with the BIA by the [ ] deadline. . . .  [T]hat administrative appeal constituted an available and adequate remedy that Petitioner was required to pursue before seeking habeas relief.").

Because Petitioner has not raised any grounds for waiving the exhaustion requirement, the Court **DENIES without prejudice** the Petition.

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. Petitioner may file a new Petition after exhausting administrative remedies.

**IT IS SO ORDERED.**

DATE:  May 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02587-RBM-BJW